THE FEDERAL LAND BANK OF COLUMBIA v. J. B. BARROW
AND M. J. BARROW, HIS WIFE, ET ALS.

(Filed 18 March, 1925.)

**1. Bills and Notes—Banks and Banking—Payment—Cashier's Check—Collection—Negligence—Burden of Proof.**

Where the defense to an action by a bank upon an unpaid check given for a partial payment upon one of a series of mortgage notes is the negligence of the plaintiff bank in not having used a course of collection wherein the check would have been promptly presented to the drawee bank and paid, the burden is on the defendant relying thereon.

**2. Same—Evidence—Nonsuit—Questions for Jury.**

In an action by plaintiff land bank to recover upon certain notes given by a borrower, secured by mortgage on the amortization plan for default in payment of one of its notes in the series wherein, under the terms of the transaction, all of the notes became due and payable, there was evidence tending to show that under instructions of the plaintiff the defendants obtained a cashier's check for the full amount of the payment of the note then due, which the plaintiff was to accept as payment, and, owing to the plaintiff's negligence, the check reached the bank of its issuance after it had suspended payment: *Held,* two issues of fact were raised for the jury—one, whether the plaintiff had agreed to accept the cashier's check in absolute payment; and the other, whether the plaintiff had negligently selected for the cashier's check a delayed course of collection that prevented the check reaching the bank of its issuance before payment had been there suspended; and a motion as of nonsuit was properly denied.

**3. Courts—Discretion—Motion to Set Aside Verdict—Appeal and Error.**

A motion to set the verdict aside as being against the weight or credibility of the evidence is to the sound discretion of the trial judge; and in the absence of an abuse of this discretion, is not reviewable on appeal.

APPEAL by plaintiff from *Midyette, J.,* at September Term, 1924, of CRAVEN.

On 9 October, 1919, plaintiff loaned to defendants, J. B. Barrow and wife, the sum of $5,400, and defendants on same day executed and

delivered to plaintiff, their note by which they promised to pay to plaintiff the principal sum of $5,400, with interest at $5\frac{1}{2}$ per cent, in 34 annual installments, each in the sum of $351 due on 1 December, of each succeeding year, thereby providing for the payment of principal sum and interest on the amortization plan. In order to secure payment of said note, by installments as provided therein, defendants on said day, by mortgage, duly executed and recorded, conveyed to plaintiff a tract of land, situate in Craven County, N. C., fully described therein. It is provided in both note and mortgage that upon default in the payment of any one of the annual installments, by which said note was payable, the whole principal sum, with accrued interest, shall become due and payable at once.

Plaintiff alleges that the installment due on 1 December, 1923, was not paid, and that because of such default, the whole principal, with accrued interest became due and payable, at date of such default; that plaintiff is the owner and holder of said note and there is now due on the same the sum of $5,165.10, with interest at $5\frac{1}{2}$ per cent from 1 December, 1922. Plaintiff demands judgment that it recover of defendants, J. B. Barrow and wife, the sum of $5,165.10 with interest from 1 December, 1922, and prays that the court appoint a commissioner to sell the land conveyed in the mortgage and that out of the proceeds of said sale, the indebtedness due by said defendants to plaintiff be paid.

Defendants deny that there was default by them in the payment of said installment, and that the note, secured by said mortgage is now due; they allege that said installment has been paid. Defendants allege that prior to 1 December, 1923, they were instructed by plaintiff to purchase a cashier's check or money order for the amount due on said installment and to remit same in payment of said installment; that complying with said instructions, defendants, on 30 November, 1923, purchased of the Bank of Vanceboro, at Vanceboro, N. C., its cashier's check for $351, payable to the Federal Land Bank of Columbia, and forwarded same at once by registered letter to plaintiff in payment of installment due on 1 December, 1923; that plaintiff received said cashier's check in payment of said installment and thereafter sent to defendants, through the mail, a receipt acknowledging payment of amount due on said installment.

Defendants further allege that plaintiff negligently failed to send said cashier's check promptly to Bank of Vanceboro, for payment; that if plaintiff had promptly sent said cashier's check which was in its hands on 3 December, 1923, to Bank of Vanceboro it would have been paid.

Defendants further allege that plaintiff negligently sent said cashier's check to the Murchison National Bank of Wilmington, N. C., on 4

BANK *v.* BARROW.

December, 1923; that said Murchison National Bank on 6 December, 1923, forwarded said check to the Federal Reserve Bank at Richmond, Va., and that said Federal Reserve Bank on 7 December, 1923, sent said check to Bank of Vanceboro, at Vanceboro, N. C., at which bank it was received by mail, on Saturday, 8 December, 1923; that on Monday, 10 December, 1923, Bank of Vanceboro sent its draft on the National Bank of New Bern, N. C., to the Federal Reserve Bank at Richmond, Va., in payment of said cashier's check which was thereupon marked "Paid," by the said Bank of Vanceboro, the drawee of said check. This draft was forwarded by Federal Reserve Bank to National Bank of New Bern, which refused payment of same. A receiver for Bank of Vanceboro was appointed on 13 December, 1923. Defendants allege that if plaintiff had sent the cashier's check direct to Federal Reserve Bank at Richmond, instead of the Murchison National Bank at Wilmington, it would have been presented to Bank of Vanceboro in time for the draft on the National Bank of New Bern to Federal Reserve Bank at Richmond in payment of same, to have reached National Bank of New Bern on 9 December, 1923, when it would have been paid out of the deposits of the Bank of Vanceboro with said National Bank of New Bern.

Plaintiff in its reply, denied the allegations contained in the answer, in defense of plaintiff's cause of action.

The issues submitted to the jury, with the answers thereto, were as follows:

1. Was plaintiff's failure to get the $351 installment payable to it by defendant, Barrow, 1 December, 1923, due to its own negligence? Answer: Yes.

2. Did the plaintiff bank instruct the defendant, Barrow, to send them a cashier's check or money order in payment of the indebtedness? Answer: Yes.

From judgment in accordance with the verdict of the jury in favor of defendants, plaintiff appealed, assigning errors based upon exceptions—first, to the refusal of the court to allow plaintiff's motion for judgment at the close of all the evidence; second, to the court's refusal to charge the jury as requested by the plaintiff; third, to the submission of the second issue; and, fourth, to the refusal of the court to set aside the verdict and grant a new trial.

*R. A. Nunn for plaintiff.*
*D. L. Ward for defendants.*

CONNOR, J. Defendants admit in their answer the execution of the note as alleged in the complaint. As a defense to plaintiff's cause of

action, upon this note, defendants plead payment of the installment due on 1 December, 1923. They thereby assumed the burden upon the issues raised by the pleadings and submitted to the jury. *Ellison v. Rix,* 85 N. C., 80. At the conclusion of the evidence offered by defendants, plaintiffs moved for judgment upon the admissions in the pleadings, contending that the evidence offered by defendants was not sufficient to sustain affirmative answers to the issues. The motion was denied, and plaintiff excepted. Plaintiff then offered evidence, and at the conclusion of all the evidence renewed its motion for judgment. The motion was again denied by the court, and plaintiff excepted. Assignments of error, based upon these exceptions, are discussed together in the brief filed for plaintiff. These assignments of error present for review by this Court his Honor's holding that there was sufficient evidence to be submitted to the jury upon the issues.

It is admitted that on 3 December, 1923, plaintiff received, at Columbia, S. C., through the mail, a letter from defendant, J. B. Barrow, enclosing a cashier's check, dated 30 November, 1923, for $351, issued by the cashier of the Bank of Vanceboro, N. C., and payable to the order of Federal Land Bank of Columbia; that said cashier's check was sent by defendants to plaintiff in payment of installment due on said note 1 December, 1923, and was accepted by plaintiff; that the letter from defendant, with which the cashier's check was enclosed, was returned to defendant, stamped with the words, "Federal Land Bank, Paid, December 3, 1923, Columbia, S. C."; that the letter, enclosing remittance, stamped, showing the date of its receipt by plaintiff, and payment by the remittance, is the only receipt which plaintiff sends to its customers for payments made on notes; that this letter, so stamped, was received by defendants at Vanceboro, N. C., on 4 December, 1923.

Defendant J. B. Barrow testified that he received a letter from plaintiff a few days prior to 30 November, 1923, instructing him to send cashier's check or money order in payment of installment to be due on 1 December, 1923, and that in compliance with this instruction he purchased and sent to plaintiff, by registered letter, a cashier's check for the amount due. Defendants offered in evidence the cashier's check of the Bank of Vanceboro, dated 30 November, 1923, for $351, payable to Federal Land Bank of Columbia, marked "Paid, December 10, 1923."

There was evidence that the cashier's check was received by plaintiff at Columbia, S. C., on 3 December, 1923, and presented for payment to Bank of Vanceboro, N. C., on Saturday, 8 December, 1923; that check was sent by plaintiff to the Murchison National Bank of Wilmington, N. C., by mail, and received by said Murchison National Bank on Thursday, 6 December, 1923; that check was sent by Murchison National Bank to the Federal Reserve Bank at Richmond, Va., and

received by said Federal Reserve Bank on Friday, 7 December, 1923; that check was sent by said Federal Reserve Bank to Bank of Vanceboro, N. C., and received by said Bank of Vanceboro on Saturday, 8 December, 1923; that on Monday, 10 December, 1923, Bank of Vanceboro sent its draft, including the amount of said cashier's check, and in payment of same, on the National Bank of New Bern, N. C., to Federal Reserve Bank at Richmond, Va., and thereupon marked said cashier's check "Paid, December 10, 1923"; that Federal Reserve Bank sent the draft of Bank of Vanceboro, which it had received in payment of the cashier's check, to the National Bank of New Bern on 11 December, 1923; that payment of this draft was refused by National Bank of New Bern, and that on 13 December, 1923, a receiver was appointed for Bank of Vanceboro, and that the draft of Bank of Vanceboro, payable to Federal Reserve Bank of Richmond, on National Bank of New Bern, has not been paid; that plaintiff has not received payment of said cashier's check.

There was evidence that from 3 December to 13 December, 1923, the Bank of Vanceboro had on deposit with the National Bank of New Bern, each day, a sum of money largely in excess of the amount of the cashier's check; that if cashier's check had been presented on either of these days to Bank of Vanceboro it would have been paid; and that Bank of Vanceboro, up until 11 or 12 o'clock of the morning of 13 December, 1923, paid all checks or drafts presented to it for payment.

There was evidence that if plaintiff had sent cashier's check direct to Bank of Vanceboro for payment, or had sent it direct to Federal Reserve Bank at Richmond for collection, or if Murchison National Bank had sent the cashier's check direct to Bank of Vanceboro for payment, it would have been paid in cash or by draft which would have been paid, and that plaintiff would thus have received payment for said cashier's check.

There was evidence to the contrary, offered by plaintiff, but upon this assignment of error, only evidence sustaining the affirmative of the issues is to be considered. The assignments of error are not sustained. There was no error in refusing the motion of plaintiff.

In apt time, plaintiff, in writing, requested the court to charge the jury upon the first issue as follows:

"That if the jury should find by the greater weight of the evidence that the Federal Land Bank of Columbia received the check of the cashier of the Bank of Vanceboro, 3 December, 1923, and sent it to the Murchison National Bank of Wilmington, 4 December, and the Murchison National Bank sent it to the Federal Reserve Bank of Richmond, 6 December, and the Federal Reserve Bank sent it to the Bank of Vanceboro, 7 December, and the Bank of Vanceboro sent its draft to the Fed-

eral Reserve Bank, 10 December, and the Federal Reserve Bank sent the draft to the National Bank of New Bern, 11 December, the first issue should be answered 'No.' "

This request for special instruction was refused by the court, and plaintiff excepted. Plaintiff assigns refusal to give this instruction as error.

The acceptance by plaintiff of the cashier's check, sent by defendants in payment of the installment due on 1 December, 1923, although not in itself a discharge of defendants' liability unless and until same had been actually paid by the Bank of Vanceboro, imposed upon plaintiff the duty of exercising due diligence in presenting the cashier's check for payment to the Bank of Vanceboro. If the check was not paid when presented to the Bank of Vanceboro, and the giving of a worthless check was not payment, the loss does not fall upon defendants unless plaintiff fully performed this duty and exercised due diligence in presenting the check. The loss resulting from failure to perform this duty must fall on plaintiff if the failure of plaintiff to secure payment of said check was due to negligence of plaintiff. 21 R. C. L., 66, sec. 65.

"It is well settled that, in the absence of an agreement to the contrary, a check or promissory note of either the debtor or a third person, received for a debt, is merely conditional payment—that is, satisfaction of the debt if and when paid; but that acceptance of such check or note implies an undertaking of due diligence in presenting it for payment. And if he from whom it is received sustains loss by want of such diligence, it will be held to operate as actual payment." *Dille v. White,* note, 10 L. R. A. (N. S.), 541.

When plaintiff received the cashier's check, on Monday, 3 December, 1923, in payment of defendants' indebtedness, it elected to send same to Murchison National Bank, at Wilmington, N. C., for presentation to Bank of Vanceboro, with knowledge that the Murchison National Bank would, according to its custom, send same to Federal Reserve Bank at Richmond, Va., and that said Federal Reserve Bank would send same by mail to Bank of Vanceboro for presentation; this course was pursued, according to the evidence, because it saved trouble and expense. If plaintiff had sent check direct to Bank of Vanceboro for presentation and payment, it would have received a "quicker response." There is evidence from which the jury could find that if the cashier's check had been sent direct, either by plaintiff or by Murchison National Bank, it would have been paid. Whether it was due diligence to adopt the course which plaintiff did adopt, was for the jury, upon all the evidence, to determine, and there was no error in the refusal of the court to instruct the jury that as a matter of law the course adopted was due diligence,

although there was no delay due to negligence in presenting the check for payment according to the course adopted.

If plaintiff, or the Murchison National Bank of Wilmington, N. C., had sent the cashier's check, drawn upon the Bank of Vanceboro, direct to said drawee bank for payment, this would have been "due diligence." Public Laws 1921, ch. 4, sec. 39. The holding of this Court, in *Bank v. Floyd,* 142 N. C., 187, and in *Bank v. Trust Co.,* 172 N. C., 345, that "It is negligence in a bank having a draft or check for collection to send it directly to the drawee, and this is true, though the drawee is the only bank at the place of payment," is thus abrogated by the express provisions of the statute. See *Malloy v. Fed. Reserve Bank,* 281 Fed., 1003. "The failure of the payer bank, because of its insolvency or other default, to account for the proceeds thereof, shall not render the forwarding bank liable therefor, provided such forwarding bank shall have used due diligence in other respects in connection with the collection of such instrument."

Where there are two or more courses which a bank may pursue in presenting for collection a check or draft upon another bank, and there is evidence from which a jury may find that the selection of one course caused loss or damage to the owner of the check or draft, or to one who is interested in the presentation of said check or draft because of liability therefor which would not have been sustained if another course open to said bank had been pursued, it is for the jury to determine, upon all the facts and circumstances which they may find from the evidence, whether the course pursued was negligent or not, in accordance with the standard of the prudent man.

The second issue submits to the jury the facts upon which defendants rely in their answer for a defense to plaintiff's cause of action. The allegation that defendants were instructed by plaintiff to purchase a cashier's check or money order for the purpose of remitting the amount due on the installment is denied in the reply. There was no error in submitting the second issue.

Upon this issue the court charged the jury as follows: "If the jury is satisfied by the greater weight of the evidence, with the burden on the defendant, that the plaintiff bank entered into a contract with the defendant Barrow, under the terms and conditions of which it was expressly agreed that the defendant Barrow should send the plaintiff bank a cashier's check for $351 in full payment of the instrument then due, and that the plaintiff bank would accept said cashier's check in full payment thereof, whether paid or not paid, and should further find that the defendant Barrow sent the plaintiff bank a cashier's check for $351, which was received by them and accepted by them in full pay-

ment and discharge of the installment then due, you will answer the second issue 'Yes'; otherwise, you will answer it 'No.' "

There was no exception to this instruction. It is a clear and full statement of the law applicable to the facts, which the jury might find from the evidence. "The fact that a check or draft was received in absolute payment may be established by showing an express agreement to that effect, or by showing such circumstances as will satisfy the mind that such was the understanding of the parties at the time the check was taken. Whether a check is given and accepted as absolute payment is a question of fact to be determined by the jury on the evidence presented." 21 R. C. L., p. 64, sec. 63.

The refusal by the court of the motion to set aside the verdict, assigned as error, was within the discretion vested in it by law, and is not reviewable in this Court, upon the facts appearing in this record.

The Federal Reserve Bank of Richmond, to which the cashier's check was sent for presentation to Bank of Vanceboro, accepted the draft of the Bank of Vanceboro on the National Bank of New Bern in payment. This draft was not paid. In *Malloy v. Federal Reserve Bank,* 281 Fed., 997; 291 Fed., 763; 264 U. S., 160; 68 L. Ed., 617, it is held that "a Federal reserve bank, to which a check was forwarded for collection, and which accepted from drawee bank in payment of check the drawee bank's worthless check on a third bank, was liable to payee for losses sustained, since the bank had no authority to accept the draft instead of money in payment of the check, and since the acceptance of the draft as payment released the drawer." It is also held that "banks must be presumed to have dealt with each other with respect to a statute of the State in which a check was deposited for collection, defining the rights and liabilities of banks to which checks are forwarded for collection." The question as to whether and, if so, to what extent the law as thus declared has been modified or altered in this State by Public Laws 1921, ch. 4, sec. 39, and Public Laws 1921, ch. 20, is not presented in this case. Under the first statute cited, the sending of the cashier's check by the Federal Reserve Bank of Richmond, Va., to the drawee bank for collection was "due diligence," and the failure of the drawee bank to account for same did not render the forwarding bank liable to the owner of the check, the forwarding bank having used due diligence in other respects.

Under the second statute cited, the cashier's check, forwarded to the bank on which it was drawn for collection, by the Federal Reserve Bank of Richmond, was payable, at the option of the drawee bank, in exchange drawn on the reserve deposits of drawee bank, and the Federal Reserve Bank could not require payment in any other medium than

such exchange. The validity of this latter statute has been sustained by the Supreme Court of the United States in *Farmers & Merchants Bank v. Federal Reserve Bank,* 262 U. S., 649; 67 L. Ed., 1157. See, also, same case, 183 N. C., 546.

Plaintiff cannot recover in this action, not because there was lack of due diligence on its part or on the part of the Murchison National Bank or the Federal Reserve Bank with respect to the collection of the check, but because the jury has found upon competent evidence that the course adopted by plaintiff for collection of check was, under all the facts and circumstances, negligent—that is, in violation of its duty to defendant to exercise due diligence in collecting same, and that this negligence was the proximate cause of plaintiff's loss. The jury has also found, upon competent evidence, and under instruction not excepted to, that plaintiff instructed defendants to send cashier's check in payment of the indebtedness. Defendants, having complied with this instruction, are discharged from liability for said indebtedness.

Judgment affirmed. There is

No error.