C. G. MORRIS, TRADING AS C. G. MORRIS AND COMPANY, v. D. W. CLEVE AND W. A. CLEVE, PARTNERS, THE BANK OF WASHINGTON, THE FEDERAL RESERVE BANK OF RICHMOND, VA., THE NATIONAL BANK OF NEW BERN, AND H. P. WHITEHURST, RECEIVER OF THE BANK OF VANCEBORO.

(Filed 23 March, 1927.)

**Actions—Parties—Bills and Notes—Negotiable Instruments—Holder— Endorsements—Pleadings—Demurrer.**

Only the holder in due course can maintain an action on an unpaid check given by the maker of the note, and where it affirmatively appears from the complaint in an action by the original payees who have discounted the note at the plaintiff's bank with the payee's endorsement, that the check so given remained unpaid on account of the insolvency of the bank on which it was drawn, without further allegation that plaintiff had made good the check or otherwise had suffered loss, a demurrer thereto will be sustained, the right of action being alone to the bank who had discounted the note and had received the unpaid check.

APPEAL by plaintiff from *Nunn, J.,* at December Term, 1926, of BEAUFORT. Affirmed.

Defendants, D. W. Cleve and W. A. Cleve, demurred to the complaint in this action, for that said complaint does not state facts sufficient to constitute a cause of action against them or either of them. From judgment sustaining the demurrer, plaintiff appealed to the Supreme Court.

*H. C. Carter and Ward & Grimes for plaintiff.*
*W. C. Rodman and Guion & Guion for defendants.*

CONNOR, J. The facts stated in the complaint, as a cause of action, upon which plaintiff demands judgment that he recover of defendants the sum of $2,000, are as follows:

First. Some time prior to ........ day of December, 1923, defendants, D. W. Cleve and W. A. Cleve, residing at Vanceboro, in Craven County, N. C., executed their promissory note for the sum of $2,000, payable to the order of plaintiff; said note was thereafter discounted by plaintiff with the Bank of Washington, located at Washington, in Beaufort County, N. C.

Second. On ........ day of December, 1923, defendants, D. W. Cleve and W. A. Cleve, makers of said note, sent to the Bank of Washington their check for the sum of $2,000, drawn on the Bank of Vanceboro, at Vanceboro, N. C., to be applied to the payment of said note; at the request of the Bank of Washington, plaintiff endorsed said check; thereupon the note was marked "Paid," and delivered to defendants, D. W. Cleve and W. A. Cleve.

Third. The Bank of Washington forwarded said check to the Federal Reserve Bank of Richmond, Va., for collection; the Federal Reserve Bank of Richmond then forwarded said check to the Bank of Vanceboro, on which it was drawn, for payment; the Bank of Vanceboro thereupon sent its check drawn on the National Bank of New Bern, N. C., to the Federal Reserve Bank of Richmond, in payment of defendant's check on said Bank of Vanceboro; the Federal Reserve Bank of Richmond then sent the check of the Bank of Vanceboro to the National Bank of New Bern for payment; the National Bank of New Bern failed and refused to pay the check drawn by the Bank of Vanceboro on said National Bank of New Bern; the failure and refusal of the National Bank of New Bern to pay said check of the Bank of Vanceboro, payable to the order of the Federal Reserve Bank of Richmond, was wrongful and unlawful.

Fourth. When defendants, D. W. Cleve and W. A. Cleve, sent their check for $2,000 to the Bank of Washington to be applied in payment of their note, payable to the order of plaintiff, and discounted by plaintiff to said Bank of Washington, the Bank of Vanceboro was in active operation; the Bank of Washington and the Federal Reserve Bank of Richmond failed to use due diligence in the collection of defendant's check for $2,000; the failure of the Bank of Washington to collect said check was due to its negligence and the negligence of the Federal Reserve Bank of Richmond, in handling said check for collection.

Fifth. The Bank of Vanceboro, during the time of these transactions, was insolvent; it has been so adjudged, and defendant, H. P. Whitehurst, has been duly appointed receiver of said Bank of Vanceboro; said receiver is now engaged in the performance of the duties of his office; the assets in his hands, available for the payment of its indebtedness, are merely nominal.

Sixth. Neither the check drawn by the Bank of Vanceboro on the National Bank of New Bern, payable to the order of the Federal Reserve Bank of Richmond; nor the check drawn by defendants, D. W. Cleve and W. A. Cleve on the Bank of Vanceboro, and sent by them to the Bank of Washington to be applied to the payment of their note; nor the note executed by said defendants, payable to the order of plaintiff, and discounted by plaintiff with the Bank of Washington, has been paid; the indebtedness of defendants, D. W. Cleve and W. A. Cleve, evidenced by said note and check, is now due and unpaid.

Plaintiff alleges that by reason of the wrongs and negligences set out in the complaint he has been damaged in the sum of $2,000; he demands judgment that he recover of defendant, D. W. Cleve and W. A. Cleve on the indebtedness represented by the note and by the check the sum of $2,000, and interest, and that he recover of the defendants, the Bank of Washington, the Federal Reserve Bank of Richmond and the National Bank of New Bern the sum of $2,000 as damages.

Upon the facts alleged in the complaint, and to be taken as true upon consideration of defendant's demurrer, the court was of the opinion that plaintiff had failed to state a cause of action against defendants, D. W. Cleve and W. A. Cleve, and therefore sustained their demurrer. In this we find no error.

Plaintiff cannot recover of the defendants, D. W. Cleve and W. A. Cleve, on the note executed by them, and payable to plaintiff, for the reason that it appears affirmatively on the face of the complaint, that plaintiff has discounted said note with the Bank of Washington; plaintiff is not now and was not at the commencement of this action the holder of said note. It is immaterial whether said note has in fact been paid or not; the Bank of Washington, as the holder of the note, if it has not been paid, can alone recover of defendants, as makers of the note, the amount due thereon.

Plaintiff cannot recover on the check drawn by defendants on the Bank of Vanceboro; this check was sent by defendants to the Bank of Washington, in payment of the note then owned by said bank; plaintiff is not now, and has never been the owner of said check; it does not appear that plaintiff has been called upon by the Bank of Washington to pay said check, because of his liability as endorser thereon. It is immaterial whether said check has in fact been paid by the Bank of Vance-

boro, on which it was drawn, or not; the Bank of Washington, as holder of said check, if it has not been paid, can alone recover of defendants as drawers of the check, the amount due thereon.

No facts are alleged in the complaint which constitute negligence on the part of these defendants, nor is it alleged that plaintiff has sustained any damage by reason of any act or acts of these defendants. No actionable negligence on the part of these defendants is alleged in the complaint.

The judgment sustaining the demurrer of defendants, D. W. Cleve and W. A. Cleve, to the complaint is

Affirmed.