### MORRIS & COMPANY v. D. W. CLEVE ET AL.

(Filed 14 September, 1927.)

**Appeal and Error—Objections and Exceptions—Premature Appeals—Dismissal—Pleadings—Amendments—Courts.**

> Where the trial judge has allowed the plaintiff's motion to amend his complaint upon due notice, within ten days after the receipt of the certificate by the clerk of the trial court from the Supreme Court on a former appeal, sustaining a demurrer to the complaint, the procedure is, if objected to by the defendants, to note an exception and appeal from the final judgment, and an appeal otherwise will be dismissed as premature.

APPEAL by defendants, D. W. and W. A. Cleve, from *Daniels, J.,* at April Term, 1927, of BEAUFORT.

The facts are stated in the opinion.

*Ward & Grimes and H. C. Carter for plaintiff.*
*Guion & Guion and W. C. Rodman for defendants.*

STACY, C. J. This case was before us at the Spring Term, 1927, and is reported in 193 N. C., 389. Within ten days after the receipt of the certificate from this Court, sustaining the demurrer interposed by the present appealing defendants, the plaintiff, after due notice, moved for leave to amend the complaint under C. S., 515. (See, also, C. S., 546, and annotations thereunder.) This motion was allowed, and from the

order permitting plaintiff to file an amended complaint the defendants, D. W. Cleve and W. A. Cleve, appeal, assigning error in said ruling. The appeal must be dismissed as premature, since the proper procedure was to note an exception and appeal from the final judgment, if adverse to the defendants. *Goodwin v. Fertilizer Works,* 123 N. C., 162; *Parker v. Harden,* 122 N. C., 111.

Appeal dismissed.