## H. W. QUARLES v. O. B. TAYLOR & COMPANY AND THE FARMERS AND MERCHANTS BANK.

(Filed 14 March, 1928.)

For digest see *Dewey v. Margolis, ante,* 307.

APPEAL by defendants, O. B. Taylor & Company, from *Townsend, Special Judge,* at October Term, 1927, of HALIFAX. Reversed.

Action upon a check drawn by defendants, O. B. Taylor & Company, on the Bank of Whitakers, and endorsed by the payee therein to plaintiff. The check was thereafter deposited by plaintiff, the holder thereof, with defendant, Farmers and Merchants Bank. The said bank entered the amount of the said check as a credit upon plaintiff's account with it; subsequently, it charged plaintiff's account with the amount of the check, upon its contention that said check had not been paid by the Bank of Whitakers, upon its presentment for payment.

The controversy between the parties to this action arises upon their respective contentions (1) as to whether upon the facts agreed the said check was duly presented to and paid by the Bank of Whitakers, and (2) if said check was not so presented and paid, as to whether plaintiff used due diligence in presenting said check to the drawee bank. The court was of opinion that upon the facts agreed the said check was not paid by the Bank of Whitakers, upon its presentment. The issue submitted to the jury was answered as follows:

"Did the plaintiff use due diligence in presenting the check sued upon for collection? Answer: Yes."

From judgment that plaintiff recover of the defendants, O. B. Taylor & Company the amount of the check, with interest thereon from 21 December, 1925, said defendants appealed to the Supreme Court.

*Joseph P. Pippin and Dunn & Johnson for plaintiff.*
*Cooley & Bone for defendants, O. B. Taylor & Company.*

CONNOR, J. The parties to this action filed herein a statement of facts agreed upon by them. It was agreed that said statement should be read to the jury, at the trial of the action, and that the facts stated therein, as alleged in the pleadings, should be taken as true. It was further agreed that each party reserved the right to offer evidence at the trial to establish additional facts, in support of his contention, if he so desired. No evidence, however, was offered by either party. The respective contentions of both plaintiff and the defendants were submitted to the court and jury upon the statement of facts agreed. Defendants, O. B. Tay-

lor & Company, moved that upon these facts the action be dismissed as upon nonsuit. The motion was denied. Defendants' first assignment of error, upon their appeal to this Court, is based upon the exception to the denial of their motion.

The facts set out in the agreed statement are substantially as follows: On 17 December, 1925, defendants, O. B. Taylor & Company, merchants engaged in business at Whitakers, N. C., drew their check on the Bank of Whitakers for the sum of $390.55, payable to Lewis Lynch or order; they delivered this check to the said Lynch for value. Thereafter the said Lewis Lynch, for value, endorsed and delivered the check to plaintiff, who is a resident of Halifax County, N. C.

On 21 December, 1925, plaintiff deposited said check, endorsed to him by the payee, with the defendant, Farmers and Merchants Bank, at Littleton, N. C. In making said deposit plaintiff used a deposit slip, on which are printed the following words: "All items are accepted at the depositor's risk until we have received final actual payment. We assume no liability beyond due diligence in forwarding items to any bank or collection agency."

On the date of said deposit the account of plaintiff with said Farmers and Merchants Bank was credited with the amount of said check. On the same day, to wit, 21 December, 1925, the Farmers and Merchants Bank forwarded said check to one of its correspondent banks for collection. The check was thereafter, to wit, on 24 December, 1925, forwarded by a bank which had received it, in due course, for collection, to the Bank of Whitakers. The Bank of Whitakers received the check, and on 29 December, 1925, charged same to the account of defendants, O. B. Taylor & Company, and marked the same "Paid." The said check, duly canceled, was returned by the Bank of Whitakers to said defendants, the drawers thereof, on or about 1 January, 1926. At all times, from 17 December, 1925, the date on which the check was drawn, until 29 December, 1925, the date on which it was charged to their account, defendants, O. B. Taylor & Company, had on deposit with the Bank of Whitakers an amount in excess of the amount of said check.

On the next day after the day on which the said check was charged to the account of defendants and marked "Paid," as aforesaid, to wit, on 30 December, 1925, the Bank of Whitakers remitted for the proceeds of said check to the bank from which it received said check by its draft on the National Bank of Commerce of Norfolk, Va. Prior to the presentation of said draft to the National Bank of Commerce, the Bank of Whitakers ceased to do business. It was closed by the Bank Examiner of the State of North Carolina on 4 January, 1926, because of its insolvency. Its assets are now in the hands of a receiver. The draft of the Bank of Whitakers on the National Bank of Commerce, by which the

Bank of Whitakers remitted for the proceeds of the checks drawn on said bank by defendants, O. B. Taylor & Company, was not paid upon presentment. On 8 January, 1926, the defendant, Farmers and Merchants Bank charged the amount of the check deposited with it by plaintiff to plaintiff's account, upon its contention that said check had not been paid by the Bank of Whitakers, upon its due presentment.

Upon the foregoing facts the court was of opinion that the check drawn by defendants, O. B. Taylor & Company, had not been paid by the Bank of Whitakers, and that said defendants, as drawers of the check were liable to plaintiff, if the plaintiff had used due diligence in presenting said check to the drawee bank for payment. In accordance with this opinion the court denied the motion that the action be dismissed as of nonsuit and submitted the issue set out in the record to the jury.

Defendants' assignment of error, based upon their exception to the refusal of the court to allow their motion that the action be dismissed, as upon nonsuit, upon the facts agreed, no evidence tending to show additional facts having been offered by either party at the trial must be sustained.

Upon the facts agreed, defendants' check on the Bank of Whitakers was paid. *Litchfield v. Reid, ante,* 161; *Dewey v. Margolis, ante,* 307. Defendants were thereby discharged of liability, as drawers of the check, to plaintiff, as holder thereof, by endorsement of the payee. The question as to due diligence on the part of plaintiff in presenting the check for payment does not arise upon the facts agreed, and is not determinative of the plaintiff's right to recover of defendants.

Defendants' motion should have been allowed and judgment entered dismissing the action.

Reversed.