C. G. MORRIS, TRADING AS C. G. MORRIS & COMPANY, v. D. W. AND W. A. CLEVE, THE NATIONAL BANK OF NEW BERN, AND H. P. WHITEHURST, RECEIVER OF THE BANK OF VANCEBORO.

(Filed 22 May, 1929.)

**1. Bills and Notes I d—Endorser paying check is subrogated to rights of payee.**

Where a person presenting a note to a bank is required to endorse it, and later to endorse the drawer's check payable to the bank and taken by it in payment of the note, and the check is not paid and is charged by the bank to the endorser's account therein, the endorser so paying the check is subrogated to the rights of the payee bank and becomes the real party in interest and may prosecute an action against the drawer, payee, and collecting banks under the provisions of C. S., 446, to determine the liability of the parties.

**2. Pleadings A c—Where the Supreme Court upholds judgment sustaining a demurrer trial court has discretionary power to allow amendment.**

A demurrer to a complaint will be sustained upon the insufficiency of the complaint to state a cause of action, and where a judgment sustaining such demurrer has been appealed from and upheld by the Supreme Court, the trial court has the power, in the exercise of his sound discretion, to allow the plaintiff to amend the original complaint upon motion made within ten days after receipt by the clerk of the Superior Court of the certificate showing that the judgment of the Superior Court had been affirmed. C. S., 515.

**3. Pleadings D e—Demurrer on ground that cause of action not stated challenges only sufficiency of allegation of complaint.**

A demurrer to the complaint on the grounds that it does not state a cause of action does not deal with the merits of the controversy, but only with the sufficiency of its allegations.

**4. Pleadings D d—Right to demur for misjoinder is waived by failure to plead in apt time.**

Failure to demur to the pleadings upon the ground of misjoinder of parties and causes of action or to take exception thereto on these grounds is a waiver of the right.

5. **Bills and Notes I b—Drawer of check is relieved of liability upon payment by drawee bank either in cash or by its check on another bank.**

The payee of a check has the right to demand payment by the drawee bank in cash if the drawer has therein a deposit sufficient for payment; and where a bank receives a check in payment of a note and elects to put it in the hands of a Federal reserve bank for collection, which bank accepts the check of the drawee bank on another bank in payment, when the check would have been paid in course of collection had cash been demanded, the drawer and endorsers on the original check are relieved of liability thereon, and may not be held if the check of the drawee bank was not paid because of its later insolvency, C. S., 3108, 3167, 3042; and this result is not affected by 3 C. S., 220(aa), providing that a drawee bank may pay a check drawn on it by its check on another bank, unless the face of the check demands payment in cash, when the check is presented for payment by any Federal reserve bank, since the payee bank has the option of presenting the check for payment through the Federal reserve bank or not.

6. **Bills and Notes I a—Evidence of acceptance of check by drawee bank held sufficient to be submitted to jury.**

Where the evidence is conflicting as to whether a drawee bank accepted the check of a drawer bank, charged it to the account of the drawer bank, and that the charge remained on the books of the drawee bank until the next day, when the drawee bank marked the charge "error" on account of the insolvency of the drawer bank on that day, and returned the check protested, the question of the liability of the drawee bank thereon is properly submitted to the jury, and judgment upon its verdict in favor of the plaintiff will be affirmed on appeal.

APPEAL by defendants, D. W. and W. A. Cleve, and the National Bank of New Bern, from *Moore, Special Judge,* at May Term, 1928, of BEAUFORT. In Cleves's appeal, reversed. In Bank's appeal, no error.

This is an action to recover the sum of $2,000 and interest from 13 December, 1923. The facts alleged in the complaint as constituting plaintiff's cause of action against the defendants are set out in the opinion below.

The action was begun on 23 September, 1923. The defendants named in the summons, which was duly served on each of the said defendants, are the Bank of Washington, the Federal Reserve Bank of Richmond, Virginia, D. W. and W. A. Cleve, the National Bank of New Bern, and H. P. Whitehurst, receiver of the Bank of Vanceboro. In the complaint as orginally filed and as subsequently amended by leave of court, plaintiff prays judgment that upon the facts alleged therein he recover of each and all of the defendants the sum of $2,000, with interest from 13 December, 1923.

At the close of all the evidence, plaintiff submitted to a voluntary nonsuit of the action as to the defendant, the Bank of Washington. Upon its motion for judgment as of nonsuit (C. S., 567), the action

was dismissed as to the defendant, the Federal Reserve Bank of Richmond. Issues involving the liability of these two defendants upon the allegations of the complaint were withdrawn from the jury.

Issues involving the liability of the three remaining defendants were submitted to the jury and answered as follows:

1. Are the defendants, D. W. and W. A. Cleve, indebted to the plaintiff on account of the matters set out in the complaint; if so, in what amount? Answer: Yes, $2,000, and interest from 5 December, 1923.

2. If so, is said cause of action barred by the statute of limitations? Answer: No.

5. Did the National Bank of New Bern wrongfully fail and refuse to pay the check which was sent by Bank of Vanceboro to Federal Reserve Bank and by Federal Reserve Bank sent to said National Bank of New Bern for payment? Answer: Yes.

5½. Is plaintiff's cause of action as to National Bank of New Bern barred by the statute of limitations? Answer: No.

6. In what amount, if any, is National Bank of New Bern indebted to plaintiff on account of matters and things referred to in the fifth issue? Answer: $2,000, and interest.

7. In what amount is defendant, Whitehurst, receiver, indebted to plaintiff? Answer: $2,000, with interest from 5 December, 1923.

Upon the foregoing verdict, it was, on motion of counsel for plaintiff, ordered, considered and adjudged "that plaintiff recover of the defendants $2,000, with interest from 13 December, 1923, together with the costs of this action. The payment of this judgment by the defendants or either of them other than the defendant receiver, will entitle the defendants so paying to recover such dividend as may arise and accrue in the hands of the receiver in favor of the claim of the plaintiff."

From this judgment, both the defendants, D. W. and W. A. Cleve and the National Bank of New Bern, appealed to the Supreme Court.

*H. C. Carter and Ward & Grimes for plaintiff.*

*W. C. Rodman and Guion & Guion for defendants, D. W. and W. A. Cleve.*

*Henry P. Whitehurst and Ward & Ward for defendant, National Bank of New Bern.*

CONNOR, J. The original complaint in this action was filed on 23 September, 1924. The defendants, D. W. and W. A. Cleve, demurred to said complaint, chiefly on the ground that the facts stated therein are not sufficient to constitute a cause of action against them. From judgment sustaining said demurrer, plaintiff appealed to this Court. The judgment was affirmed. *Morris v. Cleve,* 193 N. C., 389, 137 S. E., 162.

It appeared upon the face of the complaint that plaintiff had discounted the note executed by said defendants and payable to his order, for value and before maturity, and that he was not the holder of said note at the date of the commencement of this action. It did not appear from the complaint that plaintiff was or had ever been the holder of the check drawn by the defendants on the Bank of Vanceboro, and payable to the order of the Bank of Washington. Nor did it appear that plaintiff had paid to the Bank of Washington the sum of $2,000, or any other sum, on account of his liability as an endorser on both the check and the note. It was, therefore, held that plaintiff had failed to state in his complaint facts sufficient to constitute a cause of action upon which he was entitled to recover of the defendants, D. W. and W. A. Cleve. Plaintiff was not the real party in interest with respect to the cause of action, if any, alleged in the complaint against the said defendants. He could not, therefore, prosecute the action, upon the allegations of the complaint, for it is expressly provided by statute that every action must be prosecuted by the real party in interest, except as otherwise provided. C. S., 446. Plaintiff was neither the legal nor the equitable owner of any claim against the defendants, founded upon the facts alleged in the complaint; nor was he a trustee of an express trust. *Chapman v. McLawhorn,* 150 N. C., 166, 63 S. E., 721.

The decision of this Court affirming the judgment of the Superior Court of Beaufort County, by which the demurrer to the complaint was sustained, was rendered on 23 March, 1927. The said decision was certified by the clerk of this Court to the clerk of the Superior Court of Beaufort County on the first Monday of April, 1927. C. S., 1417. Rule 38. At the April Term, 1927, of the Superior Court of Beaufort County, which began on 11 April, 1927, plaintiff moved for an order allowing him to amend his complaint. This motion was continued from the April Term to the May Term, 1927, of said court when it was heard by the judge presiding at said May Term. From his order allowing said motion, defendants, D. W. and W. A. Cleve, appealed to this Court. This appeal was dismissed on the ground that it was premature. *Morris v. Cleve,* 194 N. C., 202, 139 S. E., 230. We said that the proper procedure was for the defendants to note an exception to the order, which they insisted was erroneous, and to appeal from the final judgment, if adverse to them. The question as to whether there was error in the order allowing plaintiff to amend his complaint after it had been held that said complaint did not state facts sufficient to constitute a cause of action, is now properly presented to this Court for decision. Upon plaintiff's motion made within ten days after the receipt by the clerk of the Superior Court of Beaufort County of the certificate from the clerk of this Court, showing that the judgment of said court sustaining

the demurrer to the complaint had been affirmed by this Court, the judge had the power, in the exercise of his discretion, to make the order allowing plaintiff to amend his original complaint. It is expressly so provided by statute. C. S., 515. This statute is in aid of an expeditious administration of justice and should be liberally construed and applied to the end that actions pending in the courts of this State to enforce rights alleged to have been violated or to redress wrongs alleged to have been committed, shall be tried on their merits and not dismissed because of defective pleadings. A defendant who has a good defense to an action is not ordinarily prejudiced by an amendment to the complaint therein, whereas a plaintiff may thereby be saved needless delay and useless expense. A demurrer too often serves no other purpose than merely to challenge the skill of the draughtsman of the complaint. When, as in the instant case, the court must, as a matter of law, sustain a demurrer to the complaint, on the ground that the facts stated therein are not sufficient to constitute a cause of action, the court ought to have, and by virtue of this statute, does have the power, in the exercise of its discretion, to permit an amendment to the complaint, and thus to expedite a trial on the merits of the controversy which has become the subject-matter of a civil action. A demurrer does not ordinarily deal with the merits of the controversy; it deals only with the sufficiency of the allegations of the complaint. *Furniture Co. v. R. R.*, 195 N. C., 636, 143 S. E., 242.

.There was no error in the order allowing plaintiff to amend his original complaint, after the demurrer of the defendants had been sustained by both the Superior Court and the Supreme Court. Assignments of error based on exceptions by both the appealing defendants to the order, are not sustained.

After the original complaint had been amended by the plaintiff, pursuant to the order of the court, both the appealing defendants demurred *ore tenus* to the complaint as amended, upon the ground that notwithstanding the allegations of the amendment, the facts stated therein are not sufficient to constitute a cause of action, in favor of the plaintiff and against said defendants. In the original complaint it did not appear therefrom that plaintiff was the real party in interest with respect to cause of action alleged therein against the defendant. For this reason the demurrer was sustained. In the amendment to the complaint, it is alleged, in substance, that after the Bank of Washington had been notified that the check drawn by defendants, D. W. and W. A. Cleve, on the Bank of Vanceboro, payable to the order of the Bank of Washington, had not been paid, because the draft drawn by the Bank of Vanceboro, on the National Bank of New Bern, payable to the order of the Federal Reserve Bank of Richmond, had not been paid, the

9—197

plaintiff was required by the Bank of Washington, by reason of his liability as endorser of said check, to pay to said Bank of Washington the amount of said check, to wit: $2,000. Upon the facts alleged in the amendment to the complaint, plaintiff was subrogated to the rights of the Bank of Washington against the defendants. Plaintiff has acquired by subrogation the right to enforce the liability of defendants, if any, founded upon the facts alleged in the complaint. *Graham v. Warehouse,* 189 N. C., 533, 127 S. E., 540. It should be noted that neither of the defendants has demurred to the original complaint or to the complaint as amended, on the ground that there was a misjoinder of parties, or of causes of action therein. C. S., 511. If the complaint was subject to demurrer on either of these grounds, the objection has been waived. C. S., 518. Each of the defendants has filed an answer to the complaint.

Assignments of error based on exceptions by both the appealing defendants to the refusal of the court to sustain their separate demurrers *ore tenus,* to the complaint, cannot be sustained. The merits of the controversy between plaintiff and defendants, which is the subject-matter of this action, are presented for trial by the pleadings.

The facts alleged in the complaint, and not denied in the answers of the defendants, and therefore admitted, are as follows:

On 16 October, 1923, the defendants, D. W. and W. A. Cleve, who are residents of Vanceboro in Craven County, North Carolina, for value received, executed their note for the sum of $2,000, payable, sixty days after date, to the order of the plaintiff, who is a resident of Washington, in Beaufort County, North Carolina.

For value and before its maturity, plaintiff, having first endorsed the said note, discounted the same at the Bank of Washington, of Washington, N. C. The amount of said note was credited to the account of plaintiff, with said Bank of Washington. Defendants, D. W. and W. A. Cleve were notified by plaintiff that the Bank of Washington held said note, and that payment of same should be made to said bank, and not to plaintiff.

On 4 December, 1923, defendants, D. W. and W. A. Cleve, having been advised by plaintiff that the Bank of Washington had declined their request to renew said note or a part thereof, at its maturity, drew their check on the Bank of Vanceboro, N. C., for the sum of $2,000, payable to the order of the Bank of Washington, and sent same by mail to plaintiff, with the request that said check be delivered to the Bank of Washington, in payment of said note. When plaintiffs tendered said check to the Bank of Washington, as requested by said defendants, he was required by said bank to endorse the same, because of his liability, as endorser on the note. The check for $2,000, endorsed by plaintiff, was accepted by said bank, in payment of said note, on 6 December,

1923. The note marked "Paid, Bank of Washington," was sent by mail to the defendants, D. W. and W. A. Cleve.

The Bank of Washington, having accepted the check drawn by the defendants, D. W. and W. A. Cleve, on the Bank of Vanceboro, and endorsed by plaintiff, in payment of said note, forwarded the same by mail to the Federal Reserve Bank of Richmond, Virginia, for collection. The Federal Reserve Bank received said check and forwarded same by mail to the Bank of Vanceboro, for payment. The Bank of Vanceboro received said check, and charged same to the account of defendants, D. W. and W. A. Cleve. The said check marked "Paid," was thereafter delivered by the Bank of Vanceboro to said defendants.

On 10 December, 1923, the Bank of Vanceboro drew its check on the National Bank of New Bern of New Bern, N. C., payable to the order of the Federal Reserve Bank of Richmond, and forwarded same by mail to said Federal Reserve Bank in remittance of the proceeds of the check of defendants, D. W. and W. A. Cleve, payable to the order of the Bank of Washington. The Federal Reserve Bank received said check, and forwarded same to the National Bank of New Bern, for payment. The National Bank of New Bern received said check, on 12 December, 1923, and declined to pay same. The said check was protested for nonpayment on 13 December, 1923. On said day the Bank of Vanceboro closed its doors and ceased to do business. It was thereafter duly adjudged insolvent.

The Bank of Washington was advised by the Federal Reserve Bank that the check drawn by defendants, D. W. and W. A. Cleve, and payable to its order, although duly presented for payment, had not been paid. The Bank of Washington thereupon charged the amount of said check, to wit, $2,000, to the account of plaintiff, because of plaintiff's liability as endorser on said check, and also because of his liability as endorser on the note, for the payment of which said check had been delivered to said bank. Plaintiff admitted his liability to the Bank of Washington, and conceded the right of said bank to charge his account with the sum of $2,000, by reason of said liability.

With respect to the liability of defendants, D. W. and W. A. Cleve, to the plaintiff for the sum demanded in this action, there was evidence tending to show not only the facts admitted in the pleadings, as above stated, but also that continuously from the date of their check on the Bank of Vanceboro, payable to the order of the bank of Washington, to the date on which the Bank of Vanceboro closed its doors and ceased to do business because of its insolvency, including the date on which said check was charged to their account, and marked "Paid," by said bank, the said defendants had on deposit with said Bank of Vanceboro,

to their credit, and subject to their check, a sum largely in excess of the amount of said check. There was no evidence to the contrary.

There was evidence also tending to show that continuously from the date of said check to the date on which the said Bank of Vanceboro closed its doors and ceased to do business, because of its insolvency, the said Bank of Vanceboro was open during banking hours, for the transaction of business, receiving deposits and paying checks in the usual course of business; that on the date of its receipt from the Federal Reserve Bank of Richmond of defendants' checks for $2,000, payable to the order of the Bank of Washington, the Bank of Vanceboro had in its vaults, currency and cash, largely in excess of the amount of said check, which was available for its payment; and that in addition to said currency and cash, the said Bank of Vanceboro had at said date to its credit, and subject to its check or draft, in solvent banks, deposits in excess of the amount of said check, which were available for its payment. If payment of said check, in currency or in cash, or by check or draft on some correspondent bank, other than the National Bank of New Bern, had been demanded, on the day of its receipt through the mail from the Federal Reserve Bank, such payment could and would have been made by the Bank of Vanceboro. The books of the Bank of Vanceboro, on the date of its check on the National Bank of New Bern, payable to the order of the Federal Reserve Bank of Richmond, showed that said Bank of Vanceboro had to its credit with the National Bank of New Bern, subject to its check or draft, a sum sufficient for the payment of said check. There was no evidence to the contrary.

For the purpose of deciding the principal question presented for decision by the appeal of the defendants, D. W. and W. A. Cleve, it may be conceded that the check of the Bank of Vanceboro on the National Bank of New Bern, was duly presented for payment, and that upon such presentation the said check was not paid by the National Bank of New Bern. This question is presented by defendants' assignment of error based on their exception to the refusal of the court to allow their motion, at the close of all the evidence, for judgment of nonsuit (C. S., 567), and may be stated as follows: Was the check of the defendants, D. W. and W. A. Cleve, on the Bank of Vanceboro, payable to the order of the Bank of Washington, upon the facts which all the evidence with respect to the liability of these defendants to plaintiff, in this action, tends to show, paid by the Bank of Vanceboro, with the result that said defendants were discharged as drawers of said check, and also as makers of the note executed by them, and held by the Bank of Washington, as a purchaser for value from plaintiff?

If said check was not paid, then the note remains due and unpaid, and defendants are liable not only as drawers of the check, but also as makers of the note. *Bank v. Barrow,* 189 N. C., 303, 127 S. E., 3. The check was accepted by the Bank of Washington in payment of the note, conditionally. There was no evidence of a special agreement by which the Bank of Washington accepted said check in payment of the note, absolutely.

It is well settled as a general rule of law that a check when duly presented for payment, and accepted by the drawee bank, is payable in money. The payee or holder of the check has the right to demand of the drawee bank, when the check is accepted for payment, that payment shall be made in money. If the bank refuses to pay the check in money, the payee or holder may retain possession of the check, and hold the drawer liable for the amount thereof. If, however, the payee or holder accepts from the drawee bank payment in any medium other than money, and surrenders the check, as he may do, he does so at his risk, and not at the risk of the drawer. In such case, the drawer is discharged of liability on the check, just as if payment had been made in money, notwithstanding any loss which the payee or holder may thereafter sustain. The drawer of the check is discharged of liability when the check has been paid, either in money, or otherwise at the option of the payee or holder.

In *Federal Reserve Bank v. Malloy,* 264 U. S., 160, 68 L. Ed., 617, 31 A. L. R., 1261, it is held that the acceptance by a collecting bank, as agent for the payee or holder, of the check or draft of the drawee bank, in payment of the check of the drawer, has the effect of releasing the drawer; the drawer is thereby discharged, for the reason that as between him and the payee or holder his check has been paid. In the opinion in that case, the following quotation from *Anderson v. Gill,* 79 Md., 317, 25 A. L. R., 200, 47 Am. St. Rep., 29, Atl., 527, is approved, as a correct statement of the law:

"Now, a check on a bank or banker is payable in money, and in nothing else. Morse, Banks and Banking (2 ed.), 268. The drawer having funds to his credit with the drawee has a right to assume that the payee will, upon presentation, exact in payment precisely what the check was given for, and that he will not accept, in lieu thereof, something for which it had not been drawn. It is certainly not within his contemplation that the payee should, upon presentation, instead of requiring cash to be paid, accept at the drawer's risk a check of the drawee upon some other bank or banker."

In *City of Douglass v. Federal Reserve Bank of Dallas,* 271 U. S., 489, 70 L. Ed., 1051, it is held that payment of a check sent by a collecting bank to the drawee is effected by its debiting the drawer's

account with its amount, stamping it "Paid," returning it to the drawer, and forwarding its own check to the collecting bank for the amount. Upon the authority of *Malloy v. Federal Reserve Bank, supra,* it is said: "The check was paid, and the drawer and endorsers discharged."

A check is defined in the Uniform Negotiable Instruments Act, which has been enacted by the General Assembly of this State, as "a bill of exchange drawn on a bank payable on demand." C. S., 3167. It is, therefore, an unconditional order in writing, addressed to a bank, signed by the drawer, requiring the bank to which it is addressed, upon its presentation, and upon demand to pay a sum certain in money to the payee, or to his order or to bearer. C. S., 3108. The drawer, by drawing the check engages that on due presentment it will be paid in money, if such payment is demanded by the payee or holder, and that if it be dishonored by nonpayment, and the necessary proceedings on dishonor be duly taken, he will pay the amount of the check to the payee or holder. C. S., 3042. If the check is duly presented and paid by the drawee bank according to its tenor, the drawer is discharged. If the payee or holder waives his right to demand payment in money, and accepts payment from the drawee bank in any medium other than money, he does so at his risk, and not at the risk of the drawer. In the latter case, the drawer is discharged equally as in the former. If the law was otherwise, the drawer of a check could be held liable for the default not only of his drawee, but also of others of whose existence he was ignorant when he drew his check, and delivered it to his creditor.

It is contended, however, that the rule recognized and applied by the Supreme Court of the United States that a check is payable only in money has been changed in this State by statute. Chapter 20, Public Laws 1921.

It has been held that this statute, authorizing in certain instances payment of a check by the check or draft of the drawee bank on another bank, does not violate any of the provisions of the Constitution of the United States. *Farmers & Merchants Bank v. Federal Reserve Bank,* 262 U. S., 649, 67 L. Ed., 1157. In the opinion in that case, in answer to the argument that the statute compels a Federal Reserve Bank to accept in payment of checks, drawn on banks in this State, exchange drafts on reserve deposits, whether good or bad, and, therefore, deprives such bank of its liberty to contract, it is said: "To this argument the answer is clear. The purpose of the statute, as its title declares, was to promote the solvency of banks. We should in the absence of controlling decisions by the highest Court of the State to the contrary, construe the statute not as authorizing payment in a 'bad' draft, but as authorizing payment in such exchange drafts only as had customarily been used in remitting for checks."

MORRIS *v.* CLEVE.

When a drawee bank has accepted the check of its depositor, which it has received through the mail, from the payee or holder, or from a collecting bank, and has charged the amount of said check to the depositor's account, the drawee bank becomes the debtor of the payee or holder, or of the collecting bank for the proceeds of the check. *Corp. Com. v. Bank,* 137 N. C., 697, 50 S. E., 308. By accepting the check, and charging its amount to the account of its depositor, the drawee bank has discharged its debt to its depositor, *pro tanto.* It is no longer the debtor of the drawer of the check, for the amount thereof; it has become the debtor of the owner of the check. When the bank in discharge of its liability to the owner of the check, for the amount thereof, remits the proceeds of the collection made by it, to the owner of the check, by its check or draft on another bank, such check or draft is in payment of its debt to such owner, and not in payment of a debt of the bank to the drawer of the check. The check or draft forwarded in payment of its debt, is a conditional payment, only; if such check or draft is not paid, upon due presentment, and is therefore "bad," the bank, as drawer of the check, is liable not only on the check, but also for its debt to the owner of its depositor's check. The well settled principle that in the absence of a special agreement to the contrary acceptance of a check does not operate as payment of a debt, unless the check is paid, is applicable to the exchange check or draft, and not to the check of the depositor, which the bank has accepted and charged to his account. We do not construe the statute as authorizing a bank in this State to pay its debt by a "bad" check or draft. A creditor of the bank who accepts its check or draft in payment of its debt to him, upon nonpayment of such check, may hold the bank liable either on the check, or on the debt. The relationship of debtor and creditor, with respect to the amount of the check, between the bank and its depositor was ended when the bank charged the check to the account of the depositor, the bank at the time having money in its possession sufficient and available for the payment of the check. The depositor's check having been paid, the bank becomes the debtor of the owner of the check, for its amount.

In *Cleve v. Craven Chemical Co.,* 18 Fed. (2d) 711, 52 A. L. R., 980, the United States Circuit Court of Appeals, Fourth District, recognizes the general rule that acceptance of the check or draft of the drawee bank, in payment of a check drawn on such bank, operates as payment of the check, and discharges the drawer of the check from further liability. In the opinion in that case, it is said that "the reason of the rule is that a check is payable only in cash, and if the holder accepts something other than cash, he assumes the risk incident thereto and is estopped

to deny payment as against the drawer." It is held, however, that this rule has been changed by statutes in this State, and that as the drawer of the check did not specify in the face of the check that payment should be made in cash, he must be held by reason of the statute to have impliedly agreed that the drawee bank might pay the check by an exchange draft on reserve deposits, if the check should be presented by or through a Federal Reserve Bank. It is said: "The Reserve Bank could not require payment in any other medium, *Federal Land Bank v. Barrow,* 189 N. C., 303, 127 S. E., 3. The Reserve Bank, therefore, presented a check which, under the law, the Bank of Vanceboro was authorized at its option to treat as an order for an exchange draft. When it exercised this option, and gave an exchange draft pursuant to the order, was such draft payment, when not itself paid? We think not."

Section 2, chapter 20, Public Laws 1921 (3 C. S., 220aa), which is the only provision of the statute pertinent to a decision of the question here presented, is as follows:

"In order to prevent accumulation of unnecessary amounts of currency in the vaults of the banks and trust companies chartered by this State, all checks drawn on said banks and trust companies shall unless specified on the face thereof to the contrary by the maker or makers thereof, be payable at the option of the drawee bank, in exchange drawn on the reserve deposits of said bank, when any such check is presented by or through any Federal Reserve Bank, postoffice or express company, or any respective agents thereof."

This statute being in derogation of a general rule of law should be construed strictly. *Price v. Edwards,* 178 N. C., 493, 101 S. E., 33. In the opinion in the cited case, *Walker, J.,* quotes with approval from Black on Interpretation of Laws, page 367, as follows: "It is a rule generally observed (except where prohibited by statute), that acts of the Legislature made in derogation of the common law will not be extended by construction; that is, the Legislature will not be presumed to intend innovations upon the common law, and its enactments will not be extended in directions contrary to the common law, further than indicated by the express terms of the law, or by fair and reasonable implications from its nature or purpose or the language employed."

As said by *Parker, Circuit Judge,* in *Cleve v. Craven Chemical Company, supra:* "The history and purpose of the act, and particularly of this section (section 2, quoted in the opinion) are clearly set forth in the opinion of *Mr. Justice Brandeis* in *Farmers & Merchants Bank v. Federal Reserve Bank, supra.*" The statute was enacted to relieve banks and trust companies, chartered by this State, of embarrassments growing out of the policy theretofore pursued by the Federal Reserve Bank of

Richmond, with respect to the collection by said reserve bank of checks drawn on said banks and trust companies. The statute does not deal with or purport to deal with the rights or liabilities of depositors who in the transaction of their business draw checks on their deposits with said banks and trust companies. Neither their rights nor their liabilities with respect to their checks are affected by the statute. The purpose of the statute, and its only effect, is to confer upon banks and trust companies chartered by this State, the right, in certain instances, to pay checks drawn on them in a medium other than money, and to deprive the payee or holder of such checks of the right to demand payment in money.

When a depositor therein draws his check on a bank or trust company, chartered by this State, and delivers same to the payee, the general rule of law that such check is payable, upon due presentment, in money, or at the option of the payee or holder, in a medium other than money—such payment being at the risk of the payee or holder, and not at the risk of the drawer—is in force in this State. The general rule of law is not changed by the statute, as we construe its provisions. The construction to the contrary in *Cleve v. Craven Chemical Company, supra,* does not seem to us, after full and careful consideration, to be sustained by the authorities, or to be supported on principle.

The payee or holder of a check drawn on a bank or trust company, chartered by this State, may or may not, at his option, cause the check to be presented for payment "by or through a Federal Reserve Bank, postoffice or express company, or any respective agents thereof." If the check is presented for payment, in person, or by an agent for collection other than as prescribed by statute, payment in money may be required; it is only when the check is presented "by or through a Federal Reserve Bank, postoffice or express company, or any respective agent thereof," that payment may be made, at the option of the drawee bank, in exchange drawn on the reserve deposit of said bank. It is true that under the statute, the drawer has the right to specify on the face of the check, that payment shall be made in money, and that in this case, the drawee bank or trust company, must pay in money, in any event. However, the payee or holder has the option to determine the agency by which presentment shall be made. If he selects as his agent for collection a Federal Reserve Bank, he impliedly authorizes such agent to accept in payment the check of the drawee bank on another bank. This he does at his own risk, and not at the risk of the drawer of the check. When the drawee bank has to the credit of the drawer funds sufficient and available for the payment of his check, and accepts and charges the check to the drawer's account, the check is paid, and the drawer is discharged of liability not only on the check, but also for the debt in pay-

ment of which the check was drawn and delivered. *Dewey Bros. v. Margolis,* 195 N. C., 307, 142 S. E., 22; *Quarles v. Taylor,* 195 N. C., 313, 142 S. E., 25.

There was error in the refusal of the court to allow the motion of defendants, D. W. and W. A. Cleve, at the close of all the evidence, that the action as against them be dismissed as of nonsuit. For this error the judgment that plaintiff recover of the defendants, D. W. and W. A. Cleve, the sum of $2,000, and interest, must be reversed.

The facts alleged in the original complaint, as constituting plaintiff's cause of action against the defendant, the National Bank of New Bern, are as follows:

"Sec. 3. That a certain draft drawn by the Bank of Vanceboro, as agents of the defendants, Cleves, and by their consent and intended by it to be in payment of said check, was presented to the defendant, the National Bank of New Bern, on or about 13 December, 1923, and refused payment.

"Sec. 4. That he is informed and believes and alleges that it was the duty of the said National Bank of New Bern to pay said draft at the time it was received, and that its failure to do so was wrongful and unlawful, and directly caused the loss to the plaintiff hereinafter set out."

At May Term, 1928, during the trial of the action, plaintiff was permitted, over the objection of said defendant, to amend paragraph four of his complaint by adding thereto the following:

"It (the National Bank of New Bern) having in fact accepted the same by entering it on the books as a charge against the Bank of Vanceboro, and credited it to the sender, and held it for more than 24 hours thereafter during which it failed and refused to return it accepted or nonaccepted."

There was no error in the order permitting the plaintiff to amend his complaint. The effect of the amendment was to aid a defective statement of a good cause of action alleged in the complaint, and not to allege a new cause of action. Amendments to pleadings are ordinarily within the discretion of the court. C. S., 547. It is said in *Lefler v. Lane,* 170 N. C., 181, 86 S. E., 1022, that under our present system of procedure "the power of amendment has been very broadly conferred and may and ordinarily should be exercised in furtherance of justice, unless the effect is to add a new cause of action or change the subject-matter thereof, and our cases on the subject hold that, when the amendment is germane to the original action, involving substantially the same transaction, and presenting no real departure from the demand as originally stated, it shall, when allowed, have reference by relation to the original institution of the suit." See cases cited by *Hoke, J.*

Defendant, the National Bank of New Bern, filed an answer in which it specifically denied the allegations of the fourth paragraph, as amended. There was conflicting evidence relative to the fifth issue, which involves the questions presented by the pleadings as to the liability of the defendant, the National Bank of New Bern. This evidence was submitted to the jury under instructions which are full, clear and free from error. The evidence for the plaintiff tended to show that when it received the check drawn by the Bank of Vanceboro on it, the National Bank of New Bern charged the same to the account of said Bank of Vanceboro, in due course of business; that said charge remained on the books of the National Bank of New Bern until the next day; and that because of the refusal in the meantime of the National Bank of New Bern to extend further credit to the Bank of Vanceboro, on collaterals in the hands of said National Bank of New Bern, the Bank of Vanceboro closed its doors on the next day. The charge against the Bank of Vanceboro of the amount of its check, was marked "error," on the next day, and its draft was protested. Although there was evidence on behalf of the defendant in contradiction of the evidence of the plaintiff, tending to show that the draft of the Bank of Vanceboro was accepted and paid by the National Bank of New Bern, and that the National Bank of New Bern thus collected the draft and failed to remit the proceeds, the jury found in accordance with the contentions of the plaintiff, as shown by the answer to the fifth issue.

Assignments of error relied upon by the National Bank of New Bern on its appeal to this Court have been carefully considered. They cannot be sustained. The judgment that plaintiff recover of said defendant the sum of $2,000, and interest is affirmed.

The receiver of the Bank of Vanceboro has not appealed from the judgment that plaintiff recover of him the sum of $2,000 and interest. As the jury found that the check of the Bank of Vanceboro on the National Bank of New Bern was paid, and that said bank is now indebted to the plaintiff for the proceeds of said check, it would seem that the judgment against the receiver is not consistent with the judgment against the National Bank of New Bern. This matter is not, however, presented on the record.

Our conclusion is that the judgment against defendants, D. W. and W. A. Cleve must be reversed; and that on the appeal of the defendant, the National Bank of New Bern, there is no error.

Reversed in appeal of D. W. and W. A. Cleve.

No error in appeal of First National Bank of New Bern.