Taylor, Chief-Justice
Where the parties all reside in the same town, and are engaged in mercantile pursuits, or have, transactions with a bank, there is a common understanding, that the demand upon the maker must be made without delay, and notice promptly given to the endorser. The application of the strict rule to persons so situated, can seldom be productive of injustice, and this Court has considered itself warranted in requiring the utmost diligence under such circumstances. But the existence of such a rule among farmers living on their plantations, has never been recognized, and could not operate without manifest wrong. It would he unreasonable to require that a person in the country, receiving an endorsed note, should neglect the concerns of his plantation to attend solely to that particular business. He usually calculates on meeting the maker on the next occasion which calls the citizens together — a muster, a sale or a court, and then making a demand without, neglecting other affairs ; and in this arrangement there seems to be a tacit acquiescence.
Though it may be inconvenient to have several rules, applicable to different classes of persons, it is confessedly snore so, to have one applied to all, which is wholly unsuited to the habits, transactions, and experience of the greater number, it is impossible to lay down a rule in the abstract, which is equally just in its bearing on all persons to be affected by it; it must depend upon the circumstances of the case, and must: be determined by the Jury, under the directions of the Court. I think *295 the facts of the case are such, as amount in law to reasonable diligence, considered in relation to the pursuits and the residence of the parties respectively, and tiiat there was no error in the charge of the Court.
Pee. Curiam. — Judgment affirmed.