HENDERSON CHEVROLET COMPANY, INCORPORATED, v. F. B. INGLE.

(Filed 27 January, 1932.)

**Bills and Notes I b—Due diligence must be used in presenting check, and in this case maker showed meritorious defense on motion to set aside judgment thereon.**

A check is only conditional payment, but the payee must exercise due diligence in presenting it for payment, and where his failure to exercise such diligence causes loss he must suffer it, due diligence being determined

in accordance with the facts and circumstances of each particular case,
C. S., 3168, 2978, and where upon a motion to set aside a judgment for
surprise and excusable neglect, C. S., 600, it appears that the movant's
neglect was excusable, and that his defense was that the plaintiff's agent
went to the drawee bank to cash the defendant's check, saw there was
a run on the bank, and stood in line in front of the paying teller's window
from 10:30 a.m. to 1:00 p.m. without getting the check cashed, that the
bank did not close until 2:00 p.m., and it is found as a fact that others
standing in line behind the plaintiff's agent, and who remained in line,
cashed their checks: *Held,* an order denying the defendant's motion to
set aside the judgment on the ground that the defendant had not showed
a meritorious defense is error.

APPEAL by defendant from *Schenck, J.,* at August Special Term,
1931, of HENDERSON. Reversed.

*R. L. Whitmire for plaintiff.*
*Galloway & Galloway for defendant.*

CLARKSON, J. This was a motion of defendant to set aside a judgment
rendered in favor of plaintiff and against defendant at May-June Term,
1931, of the Superior Court of Henderson County, under C. S., 600
for excusable neglect.

Defendant, F. B. Ingle, had sufficient funds in the American National
Bank of Asheville, to meet a check drawn on the bank for $142 which
was delivered to plaintiff, about ten o'clock a.m., on 19 November, 1930,
at its office in Hendersonville, to pay the last note due by defendant to
plaintiff for a Chevrolet sedan.

The court below found the following facts: "That the plaintiff sent
its representative from Hendersonville to Asheville on the morning of
20 November, 1930, and said representative entered said American Na-
tional Bank building about 10:30 o'clock a.m. I find that there was
'a run' being made on said bank on said morning of 20 November,
1930, from the hour of its opening (9 a.m.)—and continued throughout
the day, and that said bank failed to open its doors on 20 (21) Novem-
ber, 1930, and has since said date failed to open, but has been taken
over for liquidation purposes; that the representative of plaintiff, after
entering said bank at 10:30 a.m., remained in said bank until about one
o'clock p.m., on 20 November, 1930, but did not get said check cashed,
and came out of said bank building before said bank was closed, on ac-
count of the large number of persons who were in said bank seeking to
withdraw their deposits, anticipating the closing of said bank. . . .
I find that other persons who entered said bank at a later hour than did
the representative of plaintiff, Chevrolet Company, and took their place
in the line of persons waiting to get to paying teller's windows, got

checks cashed which had been drawn on said American National Bank. I find that other persons to whom defendant, Ingle, had given checks on said bank on same day as that on which plaintiff received its check, presented said checks for payment at the paying teller's windows in said American National Bank and received cash for the amount of their respective checks. I conclude, as a matter of law, that the defendant had a valid, legal excuse for not being present at the trial of the cause when judgment was entered against him at the May-June Term, 1931, of Henderson County Superior Court, but I am of opinion, and so hold, as a matter of law, that the defendant, had he been present, did not have a meritorious defense to the action of the plaintiff, for that under the facts herein found the check given did not settle the obligation of the maker, F. B. Ingle, and that the plaintiff had the right to proceed in its action against him, and the motion of the defendant to have the judgment set aside is denied. The court holds this as a matter of law and not as a matter of discretion."

The only question involved on this appeal: Did the court below err in holding as a matter of law that the defendant did not have a meritorious defense? We think so.

C. S., 3168, is as follows: "A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

C. S., 2978: "In determining what is reasonable time or an unreasonable time regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case."

In 5 R. C. L., p. 506, "Checks," sec. 30, the following principle is laid down: "The holder of a check is bound to use due diligence in obtaining the money, and must present it and demand payment within a reasonable time. It is provided in the Negotiable Instruments Law that a check must be presented for payment within a reasonable time after it is issued. If, however, the holder has knowledge of the insolvency or precarious condition of the bank, he must present the check for payment at once at the first opportunity, or the drawer will be relieved from liability."

"It is well settled that, in the absence of an agreement to the contrary, a check or promissory note of either the debtor or a third person, received for a debt, is merely conditional payment—that is, satisfaction of the debt if and when paid; but that acceptance of such check or note implies an undertaking of due diligence in presenting it for payment. And if he from whom it is received sustains loss by want of such diligence, it will be held to operate as actual payment." *Dille v. White,* note 10 L. R. A. (N. S.), 541; *Bank v. Barrow,* 189 N. C., at p. 308.

In 21 R. C. L., p. 66 "Payment," part sec. 65, we find: "The accept-ance of a check implies an undertaking of due diligence in presenting it for payment. And, if he from whom it is received sustains loss by want of such diligence, it will be held to operate as actual payment of the debt for which it was given. If a creditor receiving a check is guilty of laches in presenting it, or in giving notice of nonpayment, after present-ment, and the bank in the meantime suspends payment, he thereby makes it his own, and it operates as payment of his debt; the drawer having funds in the bank at the time of drawing the check, and not having withdrawn them."

It is conceded by all the authorities that the standard by which to determine whether a person has been guilty of negligence is the conduct of the prudent or careful or diligent man. Bigelow, Torts, 261. The failure to observe, for the protection of the interests of another person, that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury. Cooley Torts, 630. The failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or the doing what such a person under the existing circumstances would not have done. *Baltimore & P. R. Co. v. Jones,* 95 U. S., 441, 24 L. Ed., 506.

In the present case plaintiff's representative knew that there was a "run" on the bank and stood in line with defendant's check to cash it from 10:30 to 1:00 o'clock. Defendant had the money in the bank, the bank closed at 2:00 o'clock. Other persons got in line at a later hour than plaintiff's representative and got their money. We cannot hold, as the able judge did in the court below, that the conduct of plaintiff's representative, under the circumstances, did not settle the obligation. We think it did. Plaintiff's representative, if he had stood until 2:00 o'clock, would have been able to have cashed the defendant's check, as others in the line behind him got their checks cashed. He was too impatient and left. The findings of fact lead us to the conclusion that plaintiff's representative, in leaving the bank at one o'clock, instead of staying until two o'clock, was not such conduct, under the facts and circum-stances of this case, as that of a prudent man. Plaintiff's representative failed to observe that degree of care, precaution and vigilance the circumstances justly demanded. For the reasons given, the judgment of the court below is

Reversed.