J. R. RAINES AND M. B. RAINES, TRADING AS THE RAINES HARDWARE COMPANY, v. RUFUS W. GRANTHAM.

(Filed 1 November, 1933.)

**1. Payment C a: Bills and Notes D c—**

A check is only conditional payment and does not ordinarily discharge the debt until paid by the drawee bank, but if a check is not paid on account of the payee's unreasonable delay in presenting it for payment, the negligence of the payee will discharge the debtor.

**2. Same—**

In determining what is a reasonable time for the presentment of a check for payment regard must be had to the nature of the instrument, the customs and usages of trade in regard to such instrument, and the facts of the particular case. C. S., 2978, 3168.

**3. Same—Check does not operate as payment where it would not have been paid if presented for payment in due course.**

Where a jury trial is waived and the trial court finds that the payee was given a check in payment of goods purchased by the drawer, that the check was delivered to the payee at seven o'clock, p.m., 21 December, and that if the check had been deposited in the payee's bank in another town the next morning it would not have cleared the drawee bank before it permanently closed because of insolvency after the close of business 24 December, and that the payee had no reason to apprehend the precarious condition of the drawee bank, the trial court's judgment that the payee was not guilty of unreasonable delay in holding the check until after the insolvency of the drawee bank, in that the check would not have been paid if presented in due course, and allowing the payee to recover on the original debt for the goods, is upheld, the findings of fact in the case being conclusive on appeal.

APPEAL by defendant from *Grady, J.,* at February Term, 1933, of JOHNSTON. Affirmed.

This is an action to recover of the defendant the sum of $1,046.35, with interest from 21 December, 1931, the said sum being the balance due on the purchase price of 36 bales of cotton sold and delivered by the plaintiffs to the defendant.

In his answer, the defendant alleges that he has paid the balance due by him to the plaintiffs on the purchase price of said cotton, and that for this reason the plaintiffs are not entitled to recover in this action.

A trial by jury was waived. It was agreed by the parties that the judge should hear the evidence, find the facts, and render judgment thereon. The judge heard the evidence, and found the facts as follows:

The plaintiffs are now and were during the month of December, 1931, merchants and farmers, doing business as a partnership at Princeton, a village in Johnston County, North Carolina. The defendant is now and was during said month, a farmer, residing in Bentonville Township, in said county and State.

On 2 December, 1931, the plaintiffs sold and agreed to deliver to the defendant, from time to time, 36 bales of cotton. At the date of the said sale, the defendant paid to the plaintiffs, on the purchase price of said cotton, the sum of $50.00. This payment was made by a check drawn by the defendant on the Wayne National Bank of Goldsboro, in Wayne County, North Carolina, dated 2 December, 1931, and payable to the order of the plaintiffs. This check was presented for payment by the plaintiffs, and was duly paid by said bank on 6 December, 1931. On 18 December, 1931, the defendant paid to the plaintiffs, on the purchase price of said cotton, the sum of $100.00. This payment was made by a check drawn by the defendant on the Wayne National Bank of Goldsboro, N. C., dated 18 December, 1931, and payable to the order of the plaintiffs. This check was deposited by the plaintiffs on 18 December, 1931, with the First and Citizens Bank and Trust Company of Smithfield, N. C., and was thereafter in due course presented for payment, through the mail, and paid by the drawee bank on 21 December, 1931.

The delivery of said 36 bales of cotton was completed on 21 December, 1931. At about 7 o'clock, p.m., on said day, the defendant delivered to the plaintiffs, at Princeton, N. C., in payment of the balance due by him to the plaintiffs, on the purchase price of said cotton, his check for $1,046.35. This check was drawn by the defendant on the Wayne National Bank of Goldsboro, N. C., dated 21 December, 1931, and was payable to the order of the plaintiffs. The check was held by the plaintiffs from the date of its issuance, until 24 December, 1931, and was not presented for payment, or deposited in bank for collection by the plaintiffs. The Wayne National Bank of Goldsboro, N. C., was open for business, during the usual banking hours, on 22, 23 and 24 December, 1931. It closed at the usual hour on 24 December, 1931, and has not since opened for business. On 27 December, 1931, the said bank went into liquidation, under the supervision of the Comptroller of the Currency. It has not resumed business. The said check for $1,046.35 has not been presented for payment and has not been paid. From the date of the issuance of said check until the closing of said bank, the defendant had on deposit therein to his credit, and subject to his check, a sum in excess of the amount of said check.

There was no bank at Princeton during the month of December, 1931. The plaintiffs did their banking business during said month with the Bank of Pine Level, N. C., and with the First and Citizens Bank and Trust Company of Smithfield, N. C. Both said banks are located in Johnston County. The Wayne National Bank of Goldsboro, N. C., is in Wayne County, and is about twelve miles from Princeton. The minimum time within which a check drawn on the Wayne National Bank of Goldsboro, N. C., and deposited in the Bank of Pine Level, N. C., or in the First and Citizens Bank and Trust Company, at Smithfield, N. C., for collection, can be cleared, in the usual course of business, is three days. If the check dated 21 December, 1931, and drawn on the Wayne National Bank of Goldsboro, N. C., had been deposited by plaintiffs, for collection, on 22 December, 1931, in either the Bank of Pine Level, N. C., or in the First and Citizens Bank and Trust Company of Smithfield, N. C., it could not have been presented and paid in the usual course of business prior to 24 December, 1931, the last day on which the Wayne National Bank of Goldsboro, N. C., was open for business. The plaintiffs did not know, or have reason to apprehend, that the Wayne National Bank of Goldsboro, N. C., was in a precarious condition during the week before the said bank closed for purposes of liquidation.

On these facts the court was of opinion, and so found, that the delay of the plaintiffs in presenting the check for payment was not unreasonable, and adjudged that plaintiffs recover of the defendant the sum of $1,046.35, with interest from 21 December, 1931, and the costs of the action. The defendant appealed to the Supreme Court.

*W. P. Aycock for plaintiffs.*
*F. H. Brooks for defendant.*

CONNOR, J. Where a check has been issued by a debtor and delivered by him to his creditor, in payment of his debt, the check is ordinarily merely a conditional payment. If the check is duly presented for payment, within a reasonable time after the date of its issuance, and upon such presentment is paid by the drawee bank, the debt is paid, and the debtor is discharged; if the check is not paid upon such presentment, the debt is not paid, and the creditor may recover of his debtor on his original obligation. If, however, the check is held by the payee, and is not presented for payment within a reasonable time after the date of its issuance, and for that reason is not paid because of the subsequent insolvency of the drawee bank, the debt is nevertheless paid, and the creditor cannot recover of his debtor on his original obligation. In such case, the debtor is discharged, because of the negligence of the payee or holder of the check, resulting in his loss because of the insolvency of the drawee bank.

These principles are well settled as the law in this State, and elsewhere. *Chevrolet Co. v. Ingle,* 202 N. C., 158, 162 S. E., 219; *Bank v. Barrow,* 189 N. C., 303, 127 S. E., 3; 48 C. J., 53. They are applicable to the facts found by the judge in the instant case. The question of law, therefore, presented by this appeal is whether there was error in the judgment which is predicated upon the finding of fact and conclusion of law that the delay of the plaintiffs in presenting the check for payment was not unreasonable.

It is provided by statute that in determining what is a reasonable or an unreasonable time within which a check must be presented for payment, where the check was issued and delivered in payment of a debt, regard must be had to the nature of the instrument, the usage of trade or business, if any, with respect to such instruments, and the facts of the particular case. C. S., 2978, C. S., 3168. In *Mfg. Co. v. Summers,* 143 N. C., 102, 55 S. E., 522, it is said by *Hoke, J.,* that the statute prescribes as definite a rule as can well be established, or as is desirable. In *Brittain v. Johnson,* 12 N. C., 293, *Taylor, C. J.,* says: "Though it may be inconvenient to have several rules, applicable to different classes of persons, it is confessedly more so to have one applied to all, which is wholly unsuited to the habits, transactions, and experience of the greater number. It is impossible to lay down a rule in the abstract which is equally just in its bearing on all persons to be affected by it; it must depend upon the circumstances of the case, and must be determined by the jury, under the directions of the court."

In view of all the facts found by the judge in the instant case, which are conclusive and not reviewable by this Court, we are of the opinion that there was no error in the judgment. It is

Affirmed.