## HARTFORD ACCIDENT & INDEM CO v MORGAN

Ohio Appeals, 1st Dist, Hamilton Co

No 4878. Decided Nov 25, 1935

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, for plaintiff in error.

Clark & Robinson, Cincinnati, for defendant in error.

## OPINION

By MATTHEWS, J.

There is no conflict in Ohio or elsewhere that the giving of his check by a debtor is not, in the absence of an express or implied agreement, a payment or discharge of the debt. **31 O. Jur., 184.** Payment is, of course, an affirmative defense. No such defense was alleged and the evidence has no tendency to prove either an express or an implied agreement to accept the check as payment. It is clear that Doran & Company still owe Felix Morgan the net amount realized by the sale of his hogs by them as his market agency as defined in the Packers & Stockyards Act. The retention of the check did not have the effect of extinguishing the original debt. Only in the event of failure of the Bank upon which the debtor's check is drawn is the debtor released and then only to the extent of his loss. The drawee bank did not fail. Now is their surety released notwithstanding Doran & Company remain liable? It will be seen from a reading of the condition of the bond that the surety bound itself generally as surety for the faithful performance by Doran & Company "of all obligations created or incurred by said principal as a market agency" and specifically but without limiting the general provision, it obligated itself for "the faithful and prompt accounting for and payment of the proceeds of sale of live stock." Now the indebtedness of Doran & Company to Morgan for the hogs remaining unpaid, it would seem that there existed the identical situation described in the bond and that the defendant would be liable. The burden placed upon the plaintiff by the defendant's general denial has been sustained and the defendant's liability fixed unless there appears some release or discharge of the obligation. No such release or discharge was pleaded but the receipt and retention of the check was presented in the trial court as a bar to recovery. It is urged here.

Principal reliance is placed upon the case of Fegley v McDonald, 89 Pa., 128. If the assumptions of the court in that case are accepted it is easily distinguishable from the case at bar. According to the assumptions, the principal debtor gave his check

to the obligee in the bond and it transferred the check to its creditor that held it for an unreasonable time before presenting it for payment. In the meantime, the drawer's deposit had been appropriated by the bank to satisfy a debt to it, and it, therefore, refused to honor the check when it was presented. If the check had been presented within a reasonable time, it would have been honored. The result was that so far as the obligee in the bond was concerned its debt to its creditor had been paid, or, at least,it had been released therefrom by the delay in presenting the check. Had it done nothing it would have suffered no loss. Whatever loss that would have resulted from the non-payment of the check would have fallen upon the creditor of the obligee and not on the obligee. Instead, however, it (the obligee) voluntarily paid the amount of the debt to its creditor and then sought to recover the amount from the surety on the bond. That the court recognized that the obligee's loss resulted from its voluntary affirmative act as distinguished from mere non-action or indulgence is shown from the opinion at 130 and 131, which we quote:

"A check is generally designed for immediate payment and not for circulation. It is the duty of the holder to present it for payment as soon as he reasonably may, and if he does not, he keeps it at his own risk. The Girard Lodge accepted it as a payment from Rose. In like manner the Grand Lodge accepted it from the subordinate lodge. In order to charge the latter by reason of the non-payment, it should have been presented for payment within a reasonable time. Had it been so presented it would have been paid. A delay of seven days was an unreasonable time. While so holding the check unpresented, the Grand Lodge had no legal claim against the Girard, nor the latter against the surety of Rose. When it was presented and dishonored, it was too late for the Grand Lodge to cast the loss which it had sustained through its own default on the Girard, and for the latter by voluntarily paying the check, to impose a legal liability therefor on the defendant."

It is expressly provided by §9291, GC, that the drawer of a check is discharged from liability "to the extent of the loss caused by the delay." That was the rule in the absence of the statute. Wileman v King, (Miss.) 5 A.L.R. 584; Honningford v Vehmann, 2 Oh St & C. P. Dec., 151; Hodgson v Barrett, 53 Oh St, 63; Henderson Chevro-

let Co. v Ingle, 202 N. C., 158, 162 SE 219, 88 A.L.R., 477; Brannan on Negotiable Instruments (5th ed.) 1045 and 1046.

The drawer then is not released. Doran & Company suffered no loss by the failure to present the check. Is their surety in any better position? The general rule on the subject of the effect of passiveness of the creditor upon the liability of the surety is stated in 38 **Ohio Jur., 515 and 516**, as follows:

"Ordinarily, mere inaction, without the absence of some positive or affirmative act, or passiveness on the part of the creditor will not discharge the surety unless he omits to do, when required by the surety, what the law or his duty enjoins him to do or unless he neglects, to the injury of the surety, to discharge his duty in any matter in which he occupies the position of a trustee for the surety. And mere negligence or nonperformance by the creditor or obligee of some act which might have benefitted the surety will not, in the absence of some express covenant or condition discharge a surety; the neglect must be of some duty owing to the surety."

If the surety was dissatisfied with the failure of the creditor to present the check and desired to compel the payment it could have maintained an action against Doran & Company to compel payment. §12206, GC.

By the terms of the bond itself, it could be terminated upon giving ten days notice.

The record presents a case of liability for breach of the condition of the bond and no evidence of any defense thereto.

For these reasons, the judgment of the Court of Common Pleas is affirmed.

ROSS, PJ, and HAMILTON, J, concur.