

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 14, 1969

Senator A. M. Aikin, Jr.
Chairman, Committee on Education
Capitol Building
Austin, Texas

Dear Senator Aikin:

Opinion No. M-373

Re: Constitutionality of
Senate Bill 486 of
the 61st Legislature.

You have requested our opinion on the validity of Senate Bill 486 of the 61st Legislature, which confers on the Coordinating Board the power to contract for certain purposes.

Section 1 confers on the Coordinating Board, Texas College and University System, the authority to contract "with any established accredited independent college or university in Texas, any group of such institutions, or any association or agency composed of both state-supported and independent colleges, universities, or other facilities in Texas."

Section 2 authorizes the Coordinating Board to contract "for the administration, direction, and performance of services and for provision, maintenance, operation and repair of buildings, facilities, structures, equipment, or materials necessary or proper to education, training, preparation, or instruction in the field of higher education or any specific aspect or branch thereof."

Section 3 authorizes the "Board to compensate the other contracting party or parties in an amount which shall be determined upon the basis of cost of same or comparable services or facilities at State-supported institutions of higher education."

Section 4 requires that any contract entered into under the terms of Senate Bill 486 shall be based upon findings of need for the service, a finding of economic benefit to the state in securing the services rather than in securing the services by other means, and a finding of suitability of the

contracting party to provide the facility or service in the public interest.

Section 5 declares an emergency and states that the purposes of the act is to secure maximum utilization of all educational facilities in the state at a minimum cost to the state.

The various institutions of higher education, under existing laws, are being operated and maintained by various governing boards, created by statutory enactment. Splawn v. Woodward, 287 S.W. 677 (Tex.Civ.App. 1926); Foley v. Benedict, 122 Tex. 193, 55 S.W.2d 805, 88 A.L.R. 477, 1933; Heaton v. Bristol, 317 S.W.2d 86 (Tex.Sup. 1958).

In maintaining and operating said institutions, the various Boards are authorized to employ facilities and to make such contracts as are necessary in the maintenance and operation of various institutions of higher education. See authorities cited above.

Since the governing boards are created by a statute rather than by constitutional provision, the power to contract for various state institutions of higher education may be transferred to some other agency, if the legislature deems it advisable.

Senate Bill 486 of the 61st Legislature merely authorizes various contracts for certain operations of the state institutions of higher education to be made by the Coordinating Board, rather than by the governing boards, of the state institutions of higher education. Senate Bill 486 is, therefore, a constitutional exercise of legislative authority.

### S U M M A R Y

Since the various governing boards of State institutions of higher education are boards created by a statute rather than by constitutional provision, the legislature has the power to authorize another state agency; to wit, the Coordinating Board, Texas College and University System, to enter into various

contracts for the maintenance and operation of such state institutions of higher education.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by George Kelton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Co-Chairman
Bill Corbusier
Bob Crouch
Fielding Early
Ray McGregor

W. V. Geppert
Staff Legal Assistant