STATE v. EVERETTE CLARKE, PRINCIPAL, AND PERMAN CLARKE, SURETY.

(Filed 24 March, 1943.)

**1. Bail § 4: Appeal and Error § 37b—**

Where in a criminal prosecution, after appeal from a municipal court to the Superior Court, defendant is called and fails to appear in accordance with his bond, and judgment *nisi, sci fa* and capias is entered, an appeal from order of the Superior Court made at a subsequent term, refusing to strike out the forfeiture, is premature and should be dismissed for such order is in no wise final but only *nisi,* and defendants may protect their rights by exception and appeal from the final judgment, if adverse.

**2. Execution § 4—**

No execution may issue on a judgment *nisi* until it is finally made absolute.

**3. Judgments § 13—**

Whether a judgment *nisi* will be made absolute, or whether it will be stricken out, either upon condition or otherwise, rests in the discretion of the judge of the Superior Court. C. S., 4588.

APPEAL by defendants from *Nettles, J.,* at November Term, 1942, of CATAWBA.

The defendant Everette Clarke on 13 March, 1942, was convicted in the municipal court for the city of Hickory for the willful neglect and refusal to support his illegitimate child begotten upon Mildred Cody (Public Laws 1933, ch. 228, and amendments thereto), and from judgment therein pronounced appealed to the Superior Court, executing and delivering a bond in the sum of five hundred dollars to make his personal appearance at the next term of the Superior Court to be held for the county of Catawba on the first Monday in July, 1942, with Perman Clarke as surety thereon. On 9 July, 1942, the following entry was made on the Minute Docket of the Superior Court of the county of Catawba: "No. 54. State *vs.* Everette Clarke. Failure to support illegitimate child. Defendant called and failed. Judgment *nisi, instanter sci fa* and *instanter capias.* Direct this process to the Sheriff of Caldwell County." *Scire facias* issued by the clerk of the Superior Court of Catawba County on 9 July, 1942, to Caldwell County, was served by the sheriff of Caldwell County upon the defendant Everette Clarke and his surety, Perman Clarke, on 23 July, 1942. The defendant Everette Clarke filed answer to the *sci fa* in which he averred that he was prevented from attending the July Term, 1942, of the Superior Court of Catawba County, "by reason of the fact that . . . Everette Clarke experienced automobile difficulties which prevented his immediate return to North

STATE v. CLARKE.

Carolina." This answer is undated and it does not appear upon what date it was filed.

On 25 July, 1942, presumably after the adjournment of the July Term, 1942, of the Superior Court of Catawba County, the solicitor of the 16th Judicial District addressed a letter to the clerk of the Superior Court of Catawba County, in which he stated in effect that it would be satisfactory to him for the clerk to return the papers in the case of State v. Clarke to the municipal court of the city of Hickory for final disposition. Pursuant to the solicitor's letter the papers in the case were sent by the clerk to the municipal court, and on 29 July, 1942, the municipal court, upon a plea of guilty having been entered by Everette Clarke, pronounced judgment to the effect that the defendant be confined for a term of six months to be assigned to work on the roads, to be suspended upon condition that the defendant pay to Mildred Cody $500.00 as a lump sum settlement for the support and maintenance of his illegitimate child; and further provided "that the payment of said $500.00 as a lump sum settlement shall be and constitute a complete bar to any other prosecution of the defendant by the said Mildred Cody for and on behalf of said illegitimate child."

Subsequently, at the November Term, 1942, of the Superior Court of Catawba County, Judge Nettles, after finding the facts, made the following order, to wit: "The Court, upon the foregoing Findings of Fact, being of the opinion that the case is still pending in the Superior Court of Catawba County, and the Court heretofore having declared a forfeiture upon the bond, as appears of record herein, at the request of the attorney for the defendant, and after considering the Answer of the bondsman filed herein, refuses to strike out the forfeiture heretofore entered in this cause. This 16 November, 1942."

To this order the defendant Everette Clarke and his bondsman, Perman Clarke, excepted and appealed therefrom to the Supreme Court, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*W. H. Strickland for Perman Clarke, Surety, appellant.*

SCHENCK, J. It will be noted that the order of Judge Nettles from which appeal is taken simply "refuses to strike out the forfeiture heretofore entered in this cause." This is in no wise a final judgment, and in no way affects a substantial right which could not be protected upon an appeal from a final judgment, and therefore the appeal is premature and should be dismissed. The proper procedure was to note an exception and appeal from the final judgment, if adverse to the defendants.

*Morris v. Cleve,* 194 N. C., 202, 139 S. E., 230; *Smith v. Matthews,* 203 N. C., 218, 165 S. E., 350; N. C. Prac. & Proc. (McIntosh), sec. 676 (7).

"The forfeiture heretofore entered," referred to in the order appealed from, is likewise in no aspect a final judgment. It is only a "judgment *nisi*" entered at the July Term, 1942, of the Superior Court of Catawba County, and does not become a judgment absolute until so ordered by a judge at term. So far as the record discloses this has never been done. Therefore, if execution has issued upon, or is contemplated upon, the record as it appears before us it should be withdrawn or withheld. If the judgment *nisi* is finally made absolute, an execution may issue thereupon; but if the judgment *nisi* is stricken out, no execution may issue. Whether the judgment *nisi* will be made absolute, or whether it will be stricken out, either upon condition or otherwise, rests in the discretion of the judge presiding at the future terms of the Superior Court of Catawba County. C. S., 4588. *S. v. Morgan,* 136 N. C., 593, 48 S. E., 604.

The appeal is dismissed.