### STATE v. RUFUS WIGGINS.

(Filed 15 October, 1947.)

**Arrest and Bail § 8—**

> On appeal from conviction in Recorder's Court defendant gave appearance bond. Upon failure of defendant to appear in the Superior Court judgment *nisi* was entered and *scire facias* and capias ordered issued and the action continued. Later, motion to strike out *sci. fa.* during pendency of defendant's military service was allowed. *Held:* The *sci. fa.* having been stricken out, judgment absolute on the bond before issuance and service of another *sci. fa.* is premature. Whether the judgment *nisi* should be made absolute or stricken out upon the subsequent hearing rests in the sound discretion of the trial court. G. S., 15-116.

APPEAL by J. W. Willie and Ossie Wiggins Willie, sureties on defendant's appearance bond, from *Edmundson, Special Judge.*

Criminal prosecution upon warrant issued 9 June, 1945, out of Justice of Peace Court of Craven County, charging defendant with the offense of fornication and adultery.

Defendant, having been bound over to the Recorder's Court of Craven County, and having been adjudged guilty and given a jail sentence by the Recorder's Court, appealed to Superior Court of Craven County. Bond, in the amount fixed, was given by defendant, with J. W. Willie and Ossie Wiggins Willie, as sureties, for his personal appearance at the next

term of the said Superior Court to be held on Monday, 6 September, 1943, and not depart the same without leave.

At the September Term, 1943, of said Superior Court defendant was called in cases Nos. 723 and 724 and failed to appear. Whereupon, the court entered judgment *nisi,* and ordered *scire facias* and capias to issue, and the action to be continued. *Scire facias* was issued on 11 December, 1943, and served. Thereafter, at the January Term, 1944, of Superior Court of said county this entry was made: "No. 723-4. State *v.* Rufus Wiggins. Motion to strike out *Sci. Fa.* Motion allowed during pendency of military service of defendant."

Thereafter, at the June Term, 1947, upon motion of the Solicitor for the State, and without further *scire facias* being issued and served, the court entered judgment absolute against defendant and the sureties on his bond for the amount of the bond.

From this judgment the sureties on the bond appeal to Supreme Court and assign error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Charles L. Abernethy, Jr., and John D. Larkins, Jr., for appellants.*

WINBORNE, J. The validity of the judgment absolute entered at the June Term, 1947, depends upon the effect of the order made at January Term, 1944. As we interpret the wording of that order the motion to strike out the *sci. fa.* was allowed, and that no further proceedings on the forfeited bond should be had "during the pendency of military service of defendant." Therefore, the *sci. fa.* having been stricken out, judgment absolute could not be entered without further notice, that is until another *sci. fa.* had been issued and served, and defendant and sureties given an opportunity to be heard. Whether the judgment *nisi* will then be made absolute, or whether it will be stricken out, rests in the discretion of the presiding judge of the Superior Court before whom it may properly come. G. S., 15-116. *S. v. Clarke,* 222 N. C., 744, 24 S. E. (2d), 619.

In the light of this interpretation of and holding on the order, the judgment absolute was prematurely entered, and is therefore

Reversed.